stract of title shall be delivered to the purchaser in a reasonable time and that it shall show a good title and that the vendor shall deliver a warranty deed sixty days after the date of the contract, a tender of the deed after the expiration of the sixty-day period and while the vendor is in default as to the abstract is insufficient where the purchaser demanded a return of the earnest money and showed his intention to rescind.

## Elmer S. Eppstein, Defendant in Error, v. M. & M. Hotel Company, Plaintiff in Error.

### Gen. No. 20,628.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

### Statement of the Case.

Action by Elmer S. Eppstein, plaintiff, against M. & M. Hotel Company, a corporation, defendant, to recover judgment for clothes and a handbag alleged to have been stolen from plaintiff's room in defendant's hotel.

Defendant's contention was that plaintiff was a permanent lodger and not a transient guest and that therefore it was not to be held to the liability of an innkeeper but that its relation was merely that of lodging house keeper.

On the submission to the jury of a special interrogatory embodying this issue, it found that plaintiff was not a permanent lodger and judgment was rendered for plaintiff. To reverse this judgment, defendant prosecutes this writ of error.

JOSEPH D. IROSE, for plaintiff in error.

AARON R. EPPSTEIN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. INNKEEPERS, § 3*—*when evidence sufficient to show guest not permanent lodger.* Evidence examined and *held* sufficient to warrant finding that plaintiff was a transient guest and not a permanent lodger.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when exclusion of statement not error.* In an action in the Municipal Court of Chicago it is not error to exclude as evidence an amended statement of claim not signed by plaintiff and subsequently withdrawn.

---

## Frank N. Derby, Defendant in Error, v. Herman Gudichsen and Matilda P. Gudichsen, Plaintiffs in Error.

### Gen. No. 20,646.

BROKERS, § 90*—*when evidence sufficient to show performance of contract.* In an action by a real estate broker to recover commissions for services in negotiating a contract for the exchange of defendants' real estate where the evidence shows that the other party to the contract owned the property which he offered in exchange, though he had the title taken in the name of another when he purchased it, it is sufficient to show that plaintiff had procured the execution of a valid and enforceable contract and to support a recovery of the commissions provided for in the contract.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

CHYTRAUS, HEALY & FROST and EDWIN WHITE MOORE, for plaintiffs in error.

ARTHUR A. BASSE, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.